TEXTO COMPLETO DE LA RESOLUCION
El 25 de febrero de 1997 la recurrente, Productora de Agregados, presentó el recurso de revisión que aquí nos concierne. En este, nos solicita que revisemos una determinación de la Comisión de Servicio Público de Puerto Rico (Comisión), señalando una vista para dilucidar una querella presentada por el recurrido, Sr. Juan R. Raimundí, contra dicha parte, sin antes resolver una moción de desestimación por falta de jurisdicción sobre la materia y la persona. En adición, nos solicita la recurrente que en auxilio de nuestra jurisdicción paralicemos una vista señalada por la Comisión, a tener efecto el próximo 27 de febrero de 1997.
Procedemos a denegar el auto de revisión y declarar no ha lugar la solicitud de la orden en auxilio de jurisdicción. Veamos.
HH
anejos. 00 O CD CD < OvCTQ CD 0> g O CD 00 5T oo co g o ol o C CO p, O. 3 “ C5 « n 0> ü¡ C¡3 3-C\ o 53 00 G '-i CTC} 3 o o w B QS. CD oo c.s O*
El 27 de enero 1997 el Sr. Raimundí presentó una querella juramentada ante la Comisión contra *1009 Productora de Agregados..
En ella alegó, entre otros, lo siguiente:

"1. El pasado día 23 de enero de 1997 el querellante fue informado por personal de la Planta Productora de Agregados que no habrían de suplirle más material de agregados para sus clientes.

2.También fue informado por uno de sus clientes que éste había sido llamado desde Productora de Agregados y le habían indicado que ya no podría suplirle material porque el querellante era un problemático.

3.El pasado 24 de enero de 1997 el querellado envió a varios de sus empleados a recoger material en la planta y la entrada le fue negada por guardias de seguridad, quienes les indicaron que no podían entrar.

4. Esta acción de Productora de Agregados ha sido por el hecho de que el querellante representa a la Asociación de Transportistas del Norte y los Camioneros de Volteo del Norte y como Presidente de la referida Asociación, ha radicado querellas contra Productora de Agregados y las empresas del Grupo Carmelo por violación a la Ley de Servicio Público.

5. La acción de Productora de Agregados, corporación perteneciente al Grupo Carmelo, es una acción temeraria y con la única intención de causarle daños al querellante ante el hecho de que se ha demostrado que dicha empresa opera sin permiso de la Comisión camiones de agregados. Además, la Asociación antes mencionada, ha llevado ante la consideración de la Comisión el hecho de que el Grupo Carmelo pretende, a como de lugar y en ausencia de necesidad y conveniencia, obtener permisos de transporte de carga de agregados para tener un control total en la producción y transportación de agregados y de este modo desplazar a los transportistas de agregados.

6. La acción de Productora de Agregados es contraria a la Ley de Agregados, ya que intenta crear la inestabilidad en la prestación de dicho servicio y atenían contra la supervivencia de todos los transportistas.

7. Esta empresa ha desafiado a la Comisión en múltiples ocasiones indicando publicamente [sic] hasta en las vista [sic] públicas de la Agencia que habrá de continuar operando en violación a la Ley de Servicio Público.

8.Esta acción no sólo le afecta al querellante, sino a seis (6) camioneros que conducen sus camiones, así como a un mecánico quienes son padres de familia y dependen de dicha planta para proveer agregado a nuestros clientes.

9. La negativa de suplirle al querellante agregados y más aún de desacreditarlo ante sus clientes le ocasiona serios daños económicos. Dichos daños que se estiman en $1,800.00 diarios.

10. No existe razón legal alguna de dicha planta en negarse a suplirle agregados al querellante, ya que siempre se le ha pagado por los mismos y la conducta de sus operadores o camioneros para con con [sic] ellos siempre ha sido respetuosa.

11. No existe ni ha existido querella alguna contra el querelante [sic] ni contra ninguno de sus camioneros por el servicio que préstamos....".

En la querella, además, sostiene el Sr. Raimundí que la acción de Productora de Agregados es injustificada y en violación a la Ley de Servicio Público, por lo que conforme a los poderes y deberes de la Comisión establecidos en el inciso (c) del Art. 14 de la Ley Núm. 102 de 28 de junio de 1962, según enmendada, 27 L.P.R.A. sec. 1101(c), ésta tiene facultad para ordenar el cese y desista de la acción tomada por dicha parte.
El 31 de enero de 1997 la Comisión emitió una notificación y citación donde, entre otros, dispuso para la celebración de una vista pública sobre la querella anterior, a tener efecto el 20 de febrero de *1010 1997.
El 14 de febrero de 1997, Productora de Agregados presentó una moción de desestimación por falta de jurisdicción sobre la persona y la materia. En síntesis, adujo que la Comisión no tenía jurisdicción sobre la materia, toda vez que le asiste el derecho constitucional de seleccionar con quién hace negocios y a quién le permite acceso a su propiedad privada. En adición, sostuvo que la Comisión no podía asumir jurisdicción sobre ella, por no ser concesionaria de dicha agencia administrativa.
En la moción de desestimación, Productora de Agregados también solicitó que se transfiriera la vista señalada, debido a conflicto de calendario de su representante legal. Finalmente, solicitó que se adjudicase la moción de desestimación, previo a la celebración de la vista en sus méritos.
El 19 de febrero de 1997 la Comisión emitió una orden administrativa, declarando con lugar la solicitud de suspensión, resefialando la vista para el 27 de febrero de 1997. No dispuso nada en relación con la moción de desestimación.
No conforme con lo anterior, recurre ante nos Productora de Agregados señalando que erró la Comisión al negarse a adjudicar la moción de desestimación por falta de jurisdicción, previo a la celebración de una vista en su fondo. En adición, señala que erró la Comisión al negarse a desestimar la querella por falta de jurisdicción.
II
En primer lugar, es menester señalar que la recurrente no ha citado ningún precepto de ley, reglamento o norma que obligue a un foro administrativo a decidir una moción de desestimación por falta de jurisdicción sobre la persona o la materia, antes de celebrarse la vista en sus méritos. Sin embargo, como guía para llegar a la conclusión de que las agencias administrativas no vienen obligadas a actuar en la forma que solicita la recurrente, tomamos lo expresado por el Tribunal Supremo en el caso de Molina v. Supermercado Amigo, Inc., 119 D.P.R 330, 338 (1987), donde se indicó lo siguiente:
"Ahora bien, si el demandado decide impugnar la jurisdicción sobre su persona mediante la presentación de una moción para desestimar al amparo de la Regla 10.2 de Procedimiento Civil, supra, el tribunal puede: (1) simplemente evaluarla tomando en consideración sólo las alegaciones de la demanda, o (2) si se acompañan documentos y declaraciones juradas analizar éstos conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición, o (3) señalarla para vista preliminar evidenciaría o (4) posponer la cuestión para decidirla después de la vista en su fondo al resolver el caso." (Enfasis suplido.)
En segundo lugar, el recurso de revisión presentado en este caso es prematuro ya que el organismo administrativo aún no ha resuelto la moción de desestimación. La recurrente no ha presentado fundamentos de méritos que justifiquen el preterir el trámite administrativo. Más aún, ni siquiera conocemos qué determinación tomará la agencia administrativa, previo al inicio de la vista señalada, o si en ésta discutirá la moción de desestimación.
No podemos perder de vista que la doctrina de agotar los remedios administrativos está dirigida a promover una relación propia y armónica entre los tribunales y las agencias encargadas de administrar sus disposiciones reglamentarias. Aunque podría arguirse que se puede omitir el trámite administrativo cuando la agencia claramente no tiene jurisdicción y la posposición conlleva un daño irreparable al afectado, o el asunto es estrictamente de derecho que no requiera unos conocimientos especializados de la agencia administrativa, Adorno Quiles v. Hernández, 126 D.P.R. 191 (1990), en este caso en particular consideramos que debe dársele la oportunidad a la Comisión para que resuelva la moción de desestimación. No estamos frente a una situación en la que se pueda claramente resolver que la Comisión no tiene jurisdicción, pues ello podría depender de los hechos que determine dicho foro y las circunstancias particulares de su jurisdicción. Tampoco, la recurrente ha demostrado que la posposición de la solución a la moción de desestimación, conlleve un daño irreparable a ella.
En conclusión, la etapa del procedimiento administrativo en que se encuentra este caso, no es la *1011 más apropiada para entender y resolver lo que nos solicita la recurrente en su escrito de revisión. En adición, no es la más indicada para el análisis del problema planteado. La Comisión de Servicio Público de Puerto Rico debe tener la oportunidad de-considerar las alegaciones de la partes y recibir pmeba, de ser necesario, a los fines de resolver la moción de desestimación sobre falta de jurisdicción presentada por la recurrente.
ni
Por las consideraciones anteriores se deniega el auto de revisión sobre decisión administrativa y se declara no ha lugar la solicitud de paralización de los procedimientos en auxilio de nuestra jurisdicción.
Notifíquese inmediatamente por teléfono y facsímil a las partes y a la Comisión de Servicio Público, así como por la vía ordinaria.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General